UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MONICA L. CROX, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:14-cv-254 |
| v. ) | |
| ) | Judge Mattice |
| UNUM GROUP CORPORATION ) | Magistrate Judge Steger |
| ) | |
| *Defendant.* ) | |
| ) | |

# **ORDER**

On July 29, 2015, United States Magistrate Judge William B. Carter filed his Report and Recommendation (Doc. 31) pursuant to 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P. 72(b). Magistrate Judge Carter recommended that Plaintiff's Motion for Judgment (Doc. 18) be denied, and that judgment be entered in favor of Defendant. (Doc. 31 at 1).

Plaintiff has filed timely objections to the Magistrate Judge's Report and Recommendation. (Doc. 32). Plaintiff's objections reiterate arguments already raised in her Motion for Judgment. Specifically, Plaintiff objects to: "(1) certain factual findings and omissions;[1] (2) the application of an arbitrary and capricious standard of review; and (3) the failure to adequately consider any applicable conflict of interest." (*Id.* at 1).

For the reasons stated herein, the Court will **OVERRULE** Plaintiff's objections (Doc. 32), and will **ACCEPT and ADOPT** Magistrate Judge Carter's Report and Recommendation (Doc. 31). Accordingly, Plaintiff's Motion for Judgment (Doc. 18) will

---

[1] The Court notes that while Plaintiff objects to "certain factual findings and omissions" in the introduction of her Objection, she does not specifically address any factual findings or omissions in detail in the argument section of her brief. *See* Doc. 32. Accordingly, the Court will construe this objection as an objection to the factual findings and omissions relating to her objections to the standard of review and consideration of any applicable conflict of interest.

be **DENIED,** and Plaintiff's Complaint (Doc. 1) will be **DISMISSED WITH PREJUDICE.**

## I. ANALYSIS

The Court has conducted a *de novo* review of the record and the Report and Recommendation, specifically reviewing those portions to which Plaintiff has objected, and it agrees with Magistrate Judge Carter's well-reasoned conclusions regarding factual findings and the applicable standard of review. Specifically, the Court finds, as Plaintiff concedes in her brief, (Doc. 32 at 2), that the welfare benefit plan at issue unambiguously grants Unum Group Corporation ("Unum") discretionary authority to make benefit determinations, thus establishing an arbitrary and capricious standard of review. *See Sanford v. Harvard Indus., Inc.*, 262 F.3d 590, 595 (6th Cir. 2001). Plaintiff argues that this authority is limited by phrases indicating that the determination must be "reasonable," and that on appeal, "the Court will determine the standard of review." (Doc. 32 at 2–3). These arguments, however, merely restate those set forth in Plaintiff's Motion for Judgment, which were fully addressed in Magistrate Judge Carter's Report and Recommendation. (*Cf.* Doc. 18 at 5–6 *with* Doc. 32 at 2–3; *see* Doc. 31 at 14–16). The Court has conducted a review of the Report and Recommendation, as well as the record, and it agrees with Magistrate Judge Carter's well-reasoned conclusions. Accordingly, Plaintiff's objection as to the applicable standard of review will be **OVERRULED**.

Finally, Plaintiff correctly states that Magistrate Judge Carter's Report and Recommendation fails to consider any applicable conflict of interest. Where "the entity that administers the plan . . . both determines whether an employee is eligible for benefits and pays benefits out of its own pocket," a conflict of interest arises. *Metro. Life*

*Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). "[A] reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and . . . the significance of the factor will depend upon the circumstances of the particular case." *Id.*

It is undisputed that Unum has such a conflict of interest. Despite this conflict, however, the Court finds that given the particular circumstances of this case, Unum's decision to deny Plaintiff's benefits claim was neither arbitrary nor capricious. As discussed at length in Magistrate Judge Carter's Report and Recommendation, Unum based its decision upon the opinions of seven physicians who stated that the Plaintiff was capable of working full-time in a sedentary capacity, and two physicians who opined that Plaintiff's disability was caused by a mental illness. (Doc. 31 at 8–11). In contrast, neither the record nor Plaintiff's briefs identify even a single physician who is of the opinion that Plaintiff cannot work full-time in a sedentary capacity.[2] Plaintiff further asserts that Unum acted improperly in considering the opinions of its own doctors. (Doc. 32 at 4–5). This act, however, "prove[s] less important . . . where the administrator has taken active steps to reduce potential bias and to promote accuracy." *Glenn*, 554 U.S. at 117. Specifically, Unum contacted all of Plaintiff's physicians, not just those employed by Unum, to inquire about Plaintiff's ability to work. As stated above, none of these physicians opined that Plaintiff was incapable of working full-time in a sedentary capacity. Even considering Unum's conflict of interest, the Court finds that, given the dearth of evidence in Plaintiff's favor, Unum's decision to deny Plaintiff

---

[2] Plaintiff argues that the Social Security Administration ("SSA") found that she could not perform sedentary work and was therefore disabled. (Doc. 32 at 6). ERISA administrators, however, are not bound by the SSA's decision. *Whitaker v. Hartford Life and Accident Ins. Co.*, 404 f.3d 947, 949 (6th Cir. 2005). At any rate, in this case Unum considered the SSA award and reasonably reached a different conclusion based on information in the administrative record that was not presented to the SSA. (Doc. 31 at 17).

benefits was reasonable, and thus was neither arbitrary nor capricious. *See Price v. Bd. of Trs. of Indiana Laborer's Pension Fund*, 632 F.3d 288, 295 (6th Cir. 2011) ("Under [the arbitrary and capricious] standard of review, we must uphold the administrator's decision if the administrator's interpretation of the Plan's provisions is reasonable.") (internal quotation marks omitted). Accordingly, Plaintiff's objection that Unum's decision was arbitrary and capricious based on its conflict of interest will be **OVERRULED.**

## II. CONCLUSION

For the reasons stated herein, Plaintiff's objections (Doc. 32) are hereby **OVERRULED**, and the Court hereby **ACCEPTS and ADOPTS** Magistrate Judge Carter's Report and Recommendation (Doc. 31). Accordingly, Plaintiff's Motion for Judgment (Doc. 18) is hereby **DENIED**, and Plaintiff's Complaint (Doc. 1) is hereby **DISMISSED WITH PREJUDICE.**

**SO ORDERED** this 1st day of September, 2015.

 */s/ Harry S. Mattice, Jr.*
 HARRY S. MATTICE, JR.
 UNITED STATES DISTRICT JUDGE